**Affidavit for Search Warrant**

**I.
INTRODUCTION**

I, John D. Remick-Cook, am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and have been so employed since March of 2015. As a part of my training with the ATF, I graduated from the Federal Law Enforcement Training Center, Criminal Investigator School, located in Glynco, Georgia. I also graduated from the ATF Special Agent Basic Training Academy, located in Glynco, Georgia, in February of 2016. In my career with ATF, I have been assigned to and worked with the Cleveland Police Department's Gang Impact Unit and am currently assigned to an Organized Crime Task Force which investigates criminal organizations in the Southern Judicial District of Ohio. Prior to my employment with ATF, I was a member of the Metropolitan Police Department in Washington D.C. where I served as a member of the Third District Crime Suppression Team, Narcotics and Special Investigations Division's Gun Recovery Unit and as an Investigator with the Criminal Investigations Division. I was employed in that capacity from December of 2008 to March of 2015. I have received additional training in several areas of law enforcement, including but not limited to Gang investigations, Narcotics interdiction and investigation and firearms interdiction and investigation. I am also a graduate of the University of New Hampshire where I received two Bachelor degrees in Sociology and Justice Studies in 2008.

Based upon my training, experience, investigative efforts, and information and insight given to me by other Special Agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives, and officers of the Cincinnati Ohio Division of Police I submit there is probable cause to believe that Arian BEST is involved in assisting a convicted felon with obtaining firearms, firearms parts and ammunition. I believe there exists sufficient probable cause that contained within the below listed property evidence of those activities exist.

**II.
PURPOSE OF AFFIDAVIT**

This affidavit is submitted for the limited purpose of establishing probable cause in support of an application of a warrant to search the property located at **6946 Pin Oak Dr. Cincinnati, Ohio, 45239** and therefore contains only a summary of the relevant facts. I have not included each and every fact that I, or others, have learned during the course of this investigation. The information set forth in this affidavit is based on my own participation in the investigation, information I have received from other law enforcement officials and from my and other agent's analysis of documents and records relating to this investigation. As one of the case agents on this investigation, I am familiar with the investigative efforts of other agents/Cincinnati Police Officers who have worked on this investigation. Further, I am familiar with the evidence gathered through the issuance of state search warrants and subpoenas. I believe there exists sufficient probable cause that evidence of the violations:

1

- 18 U.S.C. § 922(o) (Unlawful possession of a machinegun.)

a. The residence located at **6946 Pin Oak Dr. Cincinnati, Ohio, 45239** hereinafter described as:

A single family home located on the east side of Pin Oak Drive. The home is constructed of light brown brick and has an attached garage with a white garage door. The front door of the home is white in color and appears to be constructed of wood. The numbers "6946" are clearly displayed on the front of the home directly next to the front door.
To include any garages, storage lockers, cabinets, sheds, closets or out buildings assigned to this residence.

### III.
### ITEMS TO BE SEIZED

A list of the specific items to be seized from **6946 Pin Oak Dr. Cincinnati, Ohio, 45239** is attached hereto as Attachment A, and Attachment A is incorporated herein by reference. Based on my training and experience, as detailed above, I believe that there is probable cause to believe that the items listed in Attachment A will be found **6946 Pin Oak Dr. Cincinnati, Ohio, 45239** as more fully described in Attachments A.

### IV.
### INVESTIGATIVE BACKGROUND

In September of 2017, ATF initiated an investigation into the criminal possession and possible manufacture of a machinegun by a convicted felon. This was in response to the recovery of a suspected machinegun from David DAWKINS, a convicted felon, by an officer with the Cincinnati Police Department. The investigation has led to the identification of Arian BEST; who was instrumental in, among other things, obtaining specific parts used to convert a semi-automatic handgun to a machinegun. This includes a Glock auto sear, which was shipped to BEST who then provided it to DAWKINS.

### V.
### PROBABLE CAUSE

1. On September 28, 2017, Officer Chris Clarkson of the Cincinnati Police Department (CPD) conducted a traffic stop in front of 1524 Queen City Ave. in Cincinnati Ohio. The passenger of the vehicle was identified as David DAWKINS (Male, black, 7/26/1990). A criminal records check revealed that DAWKINS had

2

previously been convicted of a felony offense, specifically, DAWKINS was convicted of Aggravated Robbery in the Hamilton County Court of Common Pleas, Hamilton County Ohio in case number B0609103.

2. DAWKINS was arrested after being found to be in possession of a firearm and ammunition in violation of 18 U.S.C. 922(g)(1). The recovered firearm was identified as a Glock, Model 23, .40 caliber handgun, bearing serial number BLH968US. The firearm was loaded with 12 rounds of .40 caliber ammunition. Officers also found an additional magazine, which fits the recovered firearm, concealed beneath the front passenger seat of the vehicle. This magazine was loaded with 31 rounds of .40 caliber ammunition.

3. When the officers recovered the firearm, they noticed that there was a selector switch on the back of the slide of the firearm. The officers recognized that this is consistent with a known modification for Glock firearms, which allows them to function as a machinegun. Upon this discovery, the officers contacted the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) to assist.

4. On October 4, 2017, Your Affiant took custody of the firearm and conducted a field test to determine if the firearm was capable of operating as a machinegun. The field test showed that when the selector switch was to one side, the firearm functioned as a normal semi-automatic handgun. When the selector switch was pushed to the other side, the firearm functioned as a machinegun, indicating that it is subject to National Firearms Act (NFA) regulations. Based upon these findings, Your Affiant submitted the firearm to the ATF Firearms Technology Division (FTB) for additional testing.

5. Your Affiant conducted an NFA check, which showed that the firearm is not a registered NFA Firearm. Your Affiant conducted an additional NFA check for the name David DAWKINS as well as for the driver of the vehicle. The check showed that neither have any NFA firearms registered to them.

6. ATF Firearms Enforcement Officer James Barlow examined the firearm and determined that the firearm "has been modified by the addition of a machinegun-conversion device". Firearms Enforcement Officer Barlow determined that the firearm functioned as a machinegun and that it was capable of "firing more than one shot, without manual reloading, with a single function of the trigger."

7. Officer Clarkson applied for and obtained a Hamilton County search warrant for the cell phone recovered from DAWKINS at the time of his arrest. Execution of the warrant yielded several items of evidentiary value, including evidence that DAWKINS knowingly converted the firearm from semi-automatic, as designed by the manufacturer, to a fully automatic machinegun.

8. Additionally, the warrant showed evidence that DAWKINS conspired with a woman, using the name "Maryah Mendez" on Facebook, to obtain the

aforementioned selector switch. This is evident through examination of their conversations, which occurred on the Facebook messaging app on DAWKINS phone.

9. The warrant also yielded the recovery of screen shots that appear to show DAWKINS searching for Glock automatic conversion parts. There are multiple different types of auto-sear's shown which vary in construction and appearance. In some of the screen shots, BEST's face can be seen in the corner as if she was being shown the listings by DAWKINS.

10. One such screenshot, from July 17, 2017, shows a listing on eBay with a product description; "Pistol Switch Full Auto Switch For GLOCK". The listing shows a photo of a Glock auto-sear with a price of $56.00. The listing advertises "Free Shipping From China."

11. On September 15, 2017, DAWKINS sent a message to "Mendez" via the Facebook messaging app stating; "Did anything come for me?" "Mendez" responded by sending a photo of a US Postal Service (USPS) tracking label. The aforementioned tracking number was provided to US Postal Inspector Karen O'Neil who stated that the package was delivered to 6946 Pin Oak Dr. Cincinnati, Ohio on September 18, 2017. Inspector O'Neil also stated that the package originated in China but was unable to provide further information.

12. On September 18, 2017, "Mendez" sent a photo of a Glock selector switch to DAWKINS. The selector switch depicted in the photo is identical to the switch that was found on the firearm. DAWKINS then arranged to meet with "Mendez" to get the switch.

13. Your Affiant queried the Hamilton County Auditors website which showed that 6946 Pin Oak Dr. Cincinnati, Ohio was purchased by Arian BEST (Female, Black, DOB: 12/22/1990) in June of 2017. Your Affiant queried a law enforcement database and found a BMV photograph of BEST. Your Affiant compared the BMV photo of BEST to photos found on DAWKINS cell phone, and found that DAWKINS phone contained several photos of BEST.

14. Your Affiant queried Facebook for the name Maryah Mendez and found a public Facebook page depicting photos of Arian BEST. On October 16, 2017, the Maryah Mendez Facebook page posted a photo with the words "NEW PAGE ALLERT!!! Add me Arian Best". Based upon this information Your Affiant determined the Maryah Mendez and Arian BEST are the same person.

15. Your Affiant conducted an NFA check to determine if Arian BEST has any legally registered NFA firearms in her name. The search showed that she does not have any legally registered NFA firearms.

16. Your Affiant and Officer Clarkson researched BEST's relationship to DAWKINS and it is believed based upon the totality of the circumstances as well as their conversations with each other that they are involved in a romantic relationship and share a child in common.

17. On November 20, 2017, Your Affiant went to 6946 Pin Oak Dr. Cincinnati, Ohio 45239. Upon arrival, Your Affiant observed a red Toyota sedan bearing Ohio registration GFE2146 parked in the driveway of the location. SA Remick-Cook queried a Law Enforcement database and found that Arian BEST is listed as a co-owner of the vehicle.

18. On October 1, 2017, while in custody at the Hamilton County Justice Center, DAWKINS made a recorded call to BEST at the phone number (513) 615-0200. During the conversation, BEST asks DAWKINS where the rest of his guns are to which he responds; "They over your house." This conversation adds to the belief that BEST has and continues to aid and abet DAWKINS in the criminal possession of firearms.

19. Based upon the aforementioned facts and circumstances, your Affiant believes that probable cause exists and requests a warrant to search the premise of **6946 Pin Oak Dr. Cincinnati, Ohio 45239** for documents pertaining to the purchase of machineguns, machineguns parts, firearms, firearms parts and ammunition in violation of 18 U.S.C. § 922(o).

## VI.
## CONCLUSION

In view of the above-mentioned facts and my training and experience in the investigation firearms related offenses, I have probable cause to believe that contained within **6946 Pin Oak Dr. Cincinnati, Ohio, 45239** is evidence of:

    a. 18 USC § 922(o) - Unlawful possession of a machinegun

That Arian BEST purchased a machinegun and machinegun parts and provided them to David DAWKINS.

_____
John D. Remick-Cook
ATF Special Agent

Sworn to and subscribed before me this 29 day of Nov. 2017 in Cincinnati, Ohio.

Stephanie K Bowman

5

U.S. MAGISTRATE JUDGE

## ATTACHMENT A
## ITEMS TO BE SEIZED

Based upon the foregoing, I respectfully submit that there is probable cause to believe that the following items will be found at **6946 Pin Oak Dr. Cincinnati, Ohio, 45239**

1. Books, records, notes, ledgers, and other papers relating to the transportation, purchase, distribution, packaging, and sale of machineguns, machinegun parts, firearms, firearms parts and ammunition, which may be maintained in either paper form or on computers, computer disks, CD-ROM disks, DVD disks, Cellular telephones, portable storage devices, or other related equipment;

2. Books, records, receipts, notes, ledgers, money orders, and other records related to the use of the United Stated Postal System to facilitate the unlawful purchase of machineguns, machinegun parts, firearms, firearms parts and ammunition. These items may be maintained in either paper form or on computers, computer disks, CD-ROM disks, DVD disks, Cellular telephones, portable storage devices, or other related equipment, relating to the distribution of firearms, firearms parts and ammunition;

3. Books, papers, and documents and information contained within cellular phones and electronic organizers reflecting names, addresses, telephone numbers, and other contact or identification information of participants in the illicit trade of machineguns, machinegun parts, firearms, firearms parts and ammunition;

5. Pagers, cellular phones, electronic organizers, caller identification devices, answering machine devices, and other communication devices belonging to David DAWKINS and Arian BEST.

6. Photographs, and videotape of David DAWKINS and other convicted felons in the possession, transfer and use of machineguns, machinegun parts, firearms, firearms parts and ammunition;

10. Proof of residency, including but not limited to cancelled mail, deeds, leases, rental agreements, photographs, personal telephone books, diaries, utility and telephone bills, statements, identification documents and keys: and

7

11.     Any safes, vaults, or secured storage equipment that could secret any of the above listed items.